[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15344
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cv-80134-DTKH

FANE LOZMAN,

Plaintiff-Appellant,

versus

CITY OF RIVIERA BEACH,
a Florida municipal corporation,
MICHAEL BROWN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 8, 2013)

Before PRYOR, MARTIN, and DUBINA, Circuit Judges.

PER CURIAM:

Fane Lozman, proceeding pro se, appeals the district court's award of attorney's fees to defendants.[1] The district court dismissed Lozman's amended complaint in October 2011. While Lozman's appeal of the dismissal was pending, the district court entered an Order awarding attorney's fees to the then prevailing defendants. In April 2013 we reversed the district court's dismissal, but did not address the court's award of attorney's fees. Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066 (11th Cir. 2013). Defendants argue that, by virtue of our reversal, Lozman's appeal is "now moot." Lozman agrees, and asks this Court to reverse the district court's order awarding fees.

While the parties have filed notices describing Lozman's appeal as moot, their concessions are not legally dispositive. See Roberts v. Galen of Va., Inc., 525 U.S. 249, 253, 119 S. Ct. 685, 687 (1999). We review de novo whether a case is moot. Tanner Adver. Group, L.L.C. v. Fayette Cnty., Ga., 451 F.3d 777, 784 (11th Cir. 2006).

"The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." Sierra Club v. EPA, 315 F.3d 1295, 1299 (11th Cir. 2002). "[A] case is moot when the issues presented

---

[1] Defendants are Michael Brown, Gloria Shuttlesworth, Norma Duncombe, Vanessa Lee, Elizabeth Wade, Ann Iles, George Carter, and the City of Riviera Beach, Florida.

2

are no longer 'live' or the parties lack a legally cognizable interest in the outcome." BankWest, Inc. v. Baker, 446 F.3d 1358, 1364 (11th Cir. 2006) (quotations omitted). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." Florida Ass'n of Rehab. Facilities, Inc. v. State of Florida Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000). Further, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990).

As the district court's final order directing Lozman to pay defendants attorney's fees has not been vacated, there is "meaningful relief" we can provide to Lozman on appeal. Therefore, his appeal is not moot. See Florida Ass'n of Rehab. Facilities, Inc., 225 F.3d at 1217. Because we reversed the district court order upon which the award of attorney's fees was based, we now vacate the court's order awarding defendants attorney's fees and remand the case for further proceedings.

Lozman's brief also challenges the district court's denial of his recusal motion. However, that issue is not properly before us. As Lozman acknowledges in his July 9, 2013 filing, the recusal motion was part of a separate appeal, No. 13-

3

10252, which he voluntarily dismissed.  For that reason, we will not consider his arguments on that issue.  See Federal Rule of Appellate Procedure 3(c)(1)(B).

**VACATED AND REMANDED.**